IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

THE GILLETTE COMPANY,

    Plaintiff,

v.

ENERGIZER HOLDINGS, INC.,
SCHICK MANUFACTURING, INC.,
EVEREADY BATTERY COMPANY,
INC., and ENERGIZER BATTERY, INC.

    Defendants.

---

Civil Action No.

JURY TRIAL DEMANDED

03cv12455

### COMPLAINT AND JURY DEMAND

Plaintiff The Gillette Company ("Gillette"), for its Complaint against Defendants Energizer Holdings, Inc. ("Energizer"), Schick Manufacturing, Inc. ("Schick"), Eveready Battery Company, Inc. ("Eveready"), and Energizer Battery, Inc. ("Energizer Battery") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE CASE

1.     This is an action by Gillette for monetary and injunctive relief to remedy Defendants' willful infringement of two Gillette patents relating to razors, shaving cartridges, and shower hangers and sealed storage tubs for those razors and cartridges, all specifically designed for use by women.

### THE PARTIES

2.     Gillette is a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

3. On information and belief, Defendant Energizer is a corporation organized and existing under the laws of the State of Missouri and having its principal place of business in St. Louis, Missouri.

4. On information and belief, Energizer makes, uses, imports, sells, and/or offers for sale, or induces the manufacture, use, importation, sale, and/or offer for sale of, throughout the United States, the shaving products alleged herein to infringe Gillette's U.S. Patents Nos. 6,415,517 and 6,499,595. On information and belief, Energizer does business in this Judicial District.

5. On information and belief, Defendant Schick has its principal place of business in Milford, Connecticut, and is a wholly owned subsidiary of Eveready Battery.

6. On information and belief, Schick makes, uses, imports, sells, and/or offers for sale, or induces the manufacture, use, importation, sale, and/or offer for sale of, throughout the United States, the shaving products alleged herein to infringe Gillette's U.S. Patents Nos. 6,415,517 and 6,499,595. On information and belief, Schick does business in this Judicial District.

7. On information and belief, Defendant Eveready is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri. On information and belief, Eveready is the parent company of Defendants Schick and Energizer Battery.

8. On information and belief, Eveready makes, uses, imports, sells, and/or offers for sale, or induces the manufacture, use, importation, sale, and/or offer for sale of, throughout the United States, the shaving products alleged herein to infringe

Gillette's U.S. Patents Nos. 6,415,517 and 6,499,595. On information and belief, Eveready does business in this Judicial District.

9.  On information and belief, Defendant Energizer Battery has its principal place of business in St. Louis, Missouri, and is a wholly owned subsidiary of Eveready Battery.

10. On information and belief, Energizer Battery makes, uses, imports, sells, and/or offers for sale, or induces the manufacture, use, importation, sale, and/or offer for sale of, throughout the United States, the shaving products alleged herein to infringe Gillette's U.S. Patents Nos. 6,415,517 and 6,499,595. On information and belief, Energizer Battery does business in this Judicial District.

## JURISDICTION AND VENUE

11. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Jurisdiction of this Court over the subject matter of this action is based on 28 U.S.C. §§ 1338 (patents) and 1331 (federal question). Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because Defendants reside in this Judicial District within the meaning of those provisions.

## FIRST CAUSE OF ACTION
### (For Patent Infringement)

12. Gillette repeats and realleges the allegations of paragraphs 1 through 11 above.

13. On July 9, 2002, U.S. Patent No. 6,415,517 ("the '517 patent"), entitled "Storage Device for Shaving Razor, Cartridges, or Other Stored Items," was duly and legally issued to Gillette as assignee of its inventor, Charles Bridgham Worrick, III. (A copy of the '517 patent is annexed hereto as Exhibit 1.) Gillette is the owner of all

rights, title and interest in and to the '517 patent, including all rights to recover for any and all past infringement thereof.

14. Upon information and belief, Defendants have been and are now infringing the '517 patent by manufacturing, using, importing, selling, and/or offering to sell, and have actively induced each other and others to manufacture, use, import, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '517 patent, including products designated as Intuition razors, shaving cartridges, and shower hangers and sealed storage tubs for those razors and cartridges.

15. Upon information and belief, Defendants' infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

16. Gillette has been damaged and will be irreparably injured by Defendants' continuing infringement and active inducement of infringement, for which Gillette has no adequate remedy at law. Defendants' infringing activities will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION
### (For Patent Infringement)

17. Gillette repeats and realleges the allegations of paragraphs 1 through 16 above.

18. On December 31, 2002, U.S. Patent No. 6,499,595 ("the '595 patent"), entitled "Container for Shaving Cartridge or Other Stored Item," was duly and legally issued to Gillette as assignee of its inventor, John D. Petricca. (A copy of the '595 patent is annexed hereto as Exhibit 2.) Gillette is the owner of all rights, title and

interest in and to the '595 patent, including all rights to recover for any and all past infringement thereof.

19. Upon information and belief, Defendants have been and are now infringing the '595 patent by manufacturing, using, importing, selling, and/or offering to sell, and have actively induced each other and others to manufacture, use, import, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '595 patent, including products designated as Intuition shaving cartridges and sealed storage tubs for those cartridges.

20. Upon information and belief, Defendants' infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

21. Gillette has been damaged and will be irreparably injured by Defendants' continuing infringement and active inducement of infringement, for which Gillette has no adequate remedy at law. Defendants' infringing activities will continue unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands judgment as follows:

(a) That Gillette is the lawful owner of all rights, title and interest in and to U.S. Patents Nos. 6,415,517 and 6,499,595, including all rights to recover for past infringement thereof;

(b) that the '517 patent and the '595 patent are valid and enforceable;

(c) finding Defendants liable for infringing and inducing each other and others to infringe the '517 patent and the '595 patent;

(d)     finding that Defendants' infringement and inducement of infringement have been willful and deliberate;

(e)     preliminarily and permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, all parent, subsidiary and affiliate corporations and other business entities, and all other persons or entities acting in concert, participation or in privity with them, and their successors and assigns from further infringing or inducing the infringement of the '517 patent and the '595 patent;

(f)     awarding Gillette monetary damages, in an amount to be determined at trial, together with interest and costs as fixed by the Court;

(g)     awarding Gillette enhanced damages under 35 U.S.C. § 284;

(h)     awarding Gillette its reasonable attorneys' and experts' fees and its costs and disbursements in this action, as provided by 35 U.S.C. § 285; and

(i)     granting Gillette such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable in this Complaint.

THE GILLETTE COMPANY

By its attorneys,

/s/ William L. Patton

William L. Patton (BBO #391640)
Jane E. Willis (BBO #568024)
Dalila Argaez Wendlandt (BBO #639280)
Levina Wong (BBO #654510)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000


Of Counsel:

John E. Nathan
Lewis R. Clayton
Daniel J. Leffell
Steven C. Herzog
Erez Liebermann
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for Plaintiff

Dated: December 5, 2003