UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

THE GILLETTE COMPANY,

    Plaintiff,

v.

ENERGIZER HOLDINGS, INC., SCHICK MANUFACTURING, INC., EVEREADY BATTERY COMPANY, INC., and ENERGIZER BATTERY, INC.

    Defendant.

C.A. NO. 03-12455 DPW

---

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Energizer Holdings, Inc. ("Energizer Holdings"), Schick Manufacturing, Inc. ("Schick"), Eveready Battery Company, Inc. ("Eveready Battery"), and Energizer Battery, Inc. ("Energizer") (collectively, "Answering Defendants") hereby respond to the allegations of plaintiff The Gillette Company's ("Gillette") Complaint.

### Nature of The Case

1.    Paragraph 1 requires no substantive response. To the extent that a response is required, Answering Defendants deny that they are infringing any of Gillette's patents and further state that the Patents in Suit are invalid.

### Parties

2.    Admitted.

3.    Admitted.

4. Denied. Answering Defendants admit that Schick manufactures and Energizer Battery sells the Intuition razor. Answering Defendants deny that Energizer Holdings does business in this judicial district.

5. Admitted.

6. Denied. Answering Defendants admit that Schick manufactures and Energizer Battery sells the Intuition razor. Answering Defendants admit that Schick does business in this judicial district.

7. Admitted.

8. Denied. Answering Defendants admit that Schick manufactures and Energizer Battery sells the Intuition razor. Answering Defendants admit that Eveready Battery does business in this judicial district.

9. Admitted.

10. Denied. Answering Defendants admit that Schick manufactures and Energizer Battery sells the Intuition razor. Answering Defendants admit that Energizer Battery does business in this judicial district.

## Jurisdiction and Venue

11 Answering Defendants admit that this Court has subject matter jurisdiction over this matter. Answering Defendants deny that all of the Answering Defendants reside in this judicial district.

## First Cause of Action

12. Answering Defendants repeat and reallege their responses to each of the preceding Paragraphs as though fully set forth herein.

13. Answering Defendants admit that the '517 Patent was issued on July 9, 2002. Answering Defendants deny that the '517 Patent was duly and legally issued. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this Paragraph, and therefore deny those averments.

14. Denied.

15. Denied.

16. Denied.

### Second Cause of Action

17. Answering Defendants repeat and reallege their responses to each of the preceding Paragraphs as though fully set forth herein.

18. Answering Defendants admit that the '595 Patent was issued on December 31, 2002. Answering Defendants deny that the '595 Patent was duly and legally issued. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this Paragraph, and therefore deny those averments.

19. Denied.

20. Denied.

21. Denied.

### **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint is barred in whole and in part because it fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

The Patents in Suit, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §101, et seq.

## Third Affirmative Defense

The Complaint against Energizer Holdings should be dismissed for lack of personal jurisdiction.

## Other Defenses

Answering Defendants have not directly infringed, have not contributorily infringed, and have not induced infringement of any valid and enforceable claim of the Patents in Suit, either literally or under Doctrine of Equivalents.

Energizer Holdings does not make, use, offer to sell, or sell the allegedly infringing product.

## Right to Assert Additional Defenses

Answering Defendants expressly reserve the right to assert and pursue additional defenses and affirmative defenses based on information learned, gathered, and/or collected subsequent to the preparation of this Answer.

**WHEREFORE**, Answering Defendants pray that the Court deny Gillette all of the relief demanded in the Complaint and instead award to Answering Defendants the relief requested in their counterclaims.

## JURY DEMAND

Answering Defendants respectfully demand a trial by jury on each and every issue, question, and/or count so triable.

## **COUNTERCLAIMS**

### Count I
### Declaratory Judgment of Non-Infringement of The Patents In Suit

1.  Defendants/Counterclaim Plaintiffs ("Answering Defendants") incorporate by reference all of the foregoing allegations and averments of their answer and affirmative defenses as though fully set forth herein.

2.  This is an action for declaratory judgment of non-infringement. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §101, et seq.

3.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 2201, 2202, 1331 and 1338(a).

4.  Assuming venue is determined to be proper for Gillette's affirmative causes of action, then venue is proper for these counterclaims under 28 U.S.C. §1391(b) and (c).

5.  There is an actual and justiciable controversy between Gillette and Answering Defendants with respect to non-infringement of the '517 Patent and the '595 Patent (the "Patents in Suit") because Gillette has charged Answering Defendants with infringement of these patents.

6.  Answering Defendants have not directly infringed, nor have they contributed to infringement of, nor have they induced infringement of, any valid and enforceable claim of the Patents in Suit, either literally or under the Doctrine of Equivalents.

7.  The action and assertions made by Gillette that Answering Defendants are infringing the Patents in Suit have caused and will continue to cause injury to Answering Defendants.

## Count II
## Declaratory Judgment of Invalidity of The Patents In Suit

8. Answering Defendants incorporate by reference all of the foregoing allegations and averments of their answer and affirmative defenses as though fully set forth herein.

9. This is an action for declaratory judgment of invalidity of the Patents in Suit.

10. There is an actual and justiciable controversy between Gillette and Answering Defendants with respect to the validity of the Patents in Suit because Gillette alleges in its Complaint that Answering Defendants are infringing one or more claims of the Patents in Suit.

11. The claims of the Patents in Suit fail to meet at least one of the requirements of patentability set forth in 35 U.S.C. §101, et seq., and are therefore invalid.

12. The action and assertions made by Gillette that Answering Defendants are infringing the Patents in Suit have caused and will continue to cause injury to Answering Defendants.

## RELIEF REQUESTED

Answering Defendants respectfully request that this Court:

a) Dismiss Gillette's complaint and enter judgment in Answering Defendants' favor on each and every count asserted therein and on each count of Answering Defendants' counterclaims;

b) Enter an Order declaring that Answering Defendants have not infringed any claim of the Patents in Suit, and declare that Answering Defendants are not liable for any acts of infringement, contributory infringement, or inducing infringement of the Patents in Suit;

c) Enter an Order declaring that the Patents in Suit are invalid;

d) Find this case to be exceptional and award Answering Defendants their costs, expenses and attorneys' fees under 35 U.S.C. §285; and

e)   Grant Answering Defendants such other and further relief as may be deemed just, equitable, and appropriate, including monetary damages.

## JURY DEMAND

Answering Defendants respectfully demand a trial by jury on each and every issue, question, and/or count so triable.

Respectfully submitted,

ENERGIZER HOLDINGS, INC., SCHICK MANUFACTURING, INC., EVEREADY BATTERY COMPANY, INC., and ENERGIZER BATTERY, INC.

Defendants

By their Attorneys,

_____
Richard D. Rochford, BBO No. 423950
Jason C. Kravitz, BBO No. 565904
NIXON PEABODY LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

Randall G. Litton (admitted *pro hac vice*)
Matthew J. Gipson (admitted *pro hac vice*)
PRICE, HENEVELD, COOPER, DEWITT & LITTON
695 Kenmoor SE
P.O. Box 2567
Grand Rapids, Michigan 49501-2567
616/949-9610
616/957-8196 fax

February 26, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of February, 2004, I served a true copy of the within document, by hand, upon:

Levina Wong
ROPES & GRAY
One International Place
Boston, MA 02110-2624

*Jason C. Kravitz*
Jason C. Kravitz

BOS1357252.1                                    8