IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY,<br><br>                Plaintiff,<br><br>      v.<br><br>ENERGIZER HOLDINGS, INC.,<br>SCHICK MANUFACTURING, INC.,<br>EVERREADY BATTERY COMPANY,<br>INC., and ENERGIZER BATTERY, INC.,<br><br>                Defendants. | Civil Action No. 03-12455 (DPW)<br><br>JURY TRIAL DEMANDED |

**Joint Statement Under Fed. R. Civ. P. 26(f) and Local Rule 16.1(d)**

The parties respectfully submit the following joint statement pursuant to Local Rule 16.1(d) in advance of the May 11, 2004 scheduling conference.

**Proposed Agenda for Status Conference**

1. Summary of the case (brief presentation by each side); and

2. Scheduling and potential bifurcation

**Gillette Believes that the Court Should
Set a Reasonable, but Expeditious Discovery Schedule**

Gillette alleges in this case that the Intuition razor, shower hanger and sealed tubs manufactured and marketed by defendants (collectively "Schick") infringe United States Patent Nos. 6,415,517 and 6,499,595. Schick has asserted defenses of non-infringement and invalidity.

Gillette believes that discovery and pretrial proceedings should go forward promptly, and that the case can be ready for trial by Spring 2005. Gillette's proposed schedule is consistent with these goals. By contrast, Schick's proposed schedule

contemplates two years of proceedings on liability, followed by an as yet to be determined period for discovery and pretrial proceedings concerning damages.

Furthermore, in contrast to Schick, Gillette believes that discovery on liability and damages should proceed together.  See, e.g., Home Elevators, Inc. v. Millar Elevator Service Co., 933 F. Supp. 1090, 1091-92 (N.D. Ga. 1996) (denying motion, in patent case, for bifurcation of trial and stay of discovery on damages); Windsor Industries, Inc. v. Pro-Team, Inc., 87 F. Supp.2d 1129, 1131-32 (D. Colo. 2000) (same).  Schick has proposed bifurcating discovery on these issues.  Gillette submits that Schick's proposal would be wasteful and disruptive.  It is clear that many of the same witnesses will testify on issues relevant to literal infringement, infringement under the doctrine of equivalents, willfulness, validity and damages.  Such issues include the history, efficacy and significance of the inventions, long-felt need, failure of others to make the inventions, commercial success, and copying.  Under Schick's proposal, several witnesses will be required to testify twice, and the parties will have needless disputes concerning the proper boundaries between merits and damages discovery.

Gillette proposes the following pretrial schedule:

**Discovery and Motion Practice**

| Event | Proposed Deadline |
|---|---|
| Fact Discovery Begins | April 13, 2004 |
| Defendants to Decide Whether to Produce Any Opinions of Counsel | July 16, 2004 |
| Opening Claim Construction Briefs Filed | August 6, 2004 |
| Fact Discovery Closes | October 15, 2004 |
| Opening Expert Reports Due (for parties having the burden of proof) | November 1, 2004 |
| Responsive Expert Reports Due | November 22, 2004 |

| Event | Proposed Deadline |
|---|---|
| Expert Discovery Closes | December 31, 2004 |
| Summary Judgment Motions Filed | January 31, 2005 |

**Energizer Believes that the Court Should
Bifurcate Discovery Into Damages and Liability Phases**

Pursuant to Local Rule 26.3, Energizer believes that the Court should bifurcate discovery into two phases: liability and damages. Judge Saris ordered bifurcated discovery in the other patent infringement action pending in this District between the same parties (C.A. No. 03 CV 11514 PBS).

Judge Saris agreed with Energizer that discovery bifurcation will avoid unnecessary paper discovery, expert discovery, and depositions in the event that all or part of the case is disposed of on summary judgment. Efficiency and economy benefit both sides, and thus neither side will be prejudiced by a discovery bifurcation order in this case.

Schick proposes the following pretrial schedule:

**Phase 1: Liability**

| Event | Proposed Deadline |
|---|---|
| **Phase I:  Liability** | |
| Commencement of fact discovery period | At Will (assuming compliance with procedural rules) |
| All motions to join other parties and to amend pleadings | August 31, 2004 |
| All fact discovery concerning liability issues, including fact depositions, shall be completed | January 31, 2005 |
| The parties shall serve all expert reports concerning liability issues, and otherwise comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a) | February 28, 2005 |

3

| Event | Proposed Deadline |
|---|---|
| All rebuttal expert disclosures concerning liability issues shall be served | March 28, 2005 |
| All expert discovery, including depositions, shall be completed | May 27, 2005 |
| Markman hearing submissions shall be filed and served for all patents in suit | June 30, 2005 |
| Markman hearing conducted | July 2005 |
| Markman decision issued | At Court's discretion |
| Rule 56 motions shall be filed and served | Markman Decision Date + 30 days |
| All oppositions to Rule 56 motions shall be filed and served | Markman Decision Date + 60 days |
| Reply briefs shall be filed and served | Markman Decision Date + 75 days |
| The court shall hear oral argument on Rule 56 motions | At Court's discretion |
| **Phase 2:  Damages** (Bifurcated) | **Proposed Deadline** |
| Parties shall exchange written positions concerning "advice of counsel" defense (and related waiver of privilege issues) | To be determined |
| All fact discovery concerning damages, including fact depositions, completed | To be determined |
| The parties shall serve all expert reports concerning damages, and otherwise comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a) | To be determined |
| The parties shall serve all rebuttal expert disclosures concerning damages | To be determined |
| The parties shall complete all expert discovery concerning damages, including depositions | To be determined |
| **Pre-Trial and Trial** | |
| Final pre-trial conference | To be determined |
| Trial | To be determined |

**Other Matters**

While they differ on scheduling matters, the parties are in agreement on the following:

3. The parties agree that the limits on depositions and interrogatories set forth in the local rules and Federal Rules of Civil Procedure shall apply in this case.

4. The parties agree that discovery will be needed on issues of infringement, defendants' defenses to infringement, willful infringement, and on damages.

5. The parties have had settlement discussions but have not reached any agreement.

6.   Neither party consents to trial before a Magistrate Judge.

THE GILLETTE COMPANY

By its attorneys,

 /s/ Jane E. Willis_____  _____
William L. Patton (BBO #391640)
Jane E. Willis (BBO #568024)
Dalila Argaez Wendlandt (BBO #639280)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

John E. Nathan
Lewis R. Clayton
Daniel J. Leffell
Steven C. Herzog
PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for Plaintiff


ENERGIZER HOLDINGS, INC., SCHICK
MANUFACTURING, INC., EVERREADY
BATTERY COMPANY, INC., and
ENERGIZER BATTERY INC.,

By their attorneys,

 /s/ Jason C. Kravitz_____
Richard D. Rochford, BBO No. 423950
Jason C. Kravitz, BBO No. 565904
Maia H. Harris, BBO 648208
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-1832
Telephone:  (617) 345-1000
Facsimile:  (617) 345-1300

Randall G. Litton
Matthew J. Gipson
PRICE, HENEVELD, COOPER, DEWITT
& LITTON
695 Kenmoor SE
P.O. Box 2567
Grand Rapids, Michigan  49501-2567
Telephone:  (616) 949-9610
Facsimile:  (616) 957-8196

Attorneys for Defendants