UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC.,<br>SCHICK MANUFACTURING, INC.,<br>EVEREADY BATTERY COMPANY,<br>INC. and ENERGIZER BATTERY, INC.,<br><br>Defendants. | CIVIL ACTION NO. 03 12455 DPW |

## STIPULATED PROTECTIVE ORDER

The Parties, Plaintiff The Gillette Company ("Gillette") and Defendants Energizer

Holdings, Inc., Schick Manufacturing, Inc. ("Schick"), Eveready Battery Company, Inc.,

("Eveready Battery"), and Energizer Battery, Inc. ("Energizer") (collectively "Defendants") have

represented to the Court, and the Court finds that:

A.        Some information sought to be produced by the Parties during discovery likely will

represent or contain trade secrets or other confidential research, development, financial, technical,

or commercial information within the scope and meaning of Rule 26 of the Federal Rules of Civil

Procedure ("Rule 26").  Some information sought may also represent or contain matters that are

privileged or protected from production or disclosure as work product within the scope and

meaning of Rule 26.

B.        None of the Parties is willing at this time to waive any of its rights with respect to

discovery material that constitutes confidential, privileged, or work-product material.

C.        The need for prompt and orderly discovery in this proceeding may make it

impossible or impracticable for the Parties to ensure that their rights under Rule 26 are fully

protected at the time that discovery material is produced or disclosed absent suitable protection from the Court to protect the confidentiality of the materials and information likely to be produced in this action.

ACCORDINGLY, the Parties having submitted a joint motion for entry of this Protective Order, and the Court finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED:   That the Joint Motion is GRANTED; and, it is STIPULATED AND FURTHER ORDERED that each Party to this action, and anyone else who may subsequently subscribe to this Stipulated Protective Order (by execution of The CONFIDENTIALITY UNDERTAKING annexed hereto or by agreement on the record) agrees with and is ordered by the Court to abide in the following provisions:

1.      This Order shall govern all discovery materials produced or disclosed during this litigation, including but not limited to the following:  documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits and all other discovery taken pursuant to the Federal Rules of Civil Procedure from the Parties and non-Parties.  The term "Party" shall include the following:  the named Parties to this litigation; all predecessors and successors thereof; all present divisions, subsidiaries or affiliates of any of the foregoing entities; all current joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited or general partner; and all directors, officers, employees, agents or representatives of any of the foregoing entities.

2.      Material designated for protection under this Order ("Protected Material") shall be categorized by the Party producing it into one of the following classifications: (a) CONFIDENTIAL or (b) HIGHLY CONFIDENTIAL.  The "CONFIDENTIAL" designation shall be appropriately applied to any document or information that the designating Party

determines, reasonably and in good faith, to constitute confidential research, development, financial, technical, or commercial information or other information the receiving Party and non-Parties would not have access to but for this lawsuit. The "HIGHLY CONFIDENTIAL" designation shall only be used for non-public information that the designating Party determines, reasonably and in good faith, to constitute highly sensitive technical or business information, including but not limited to trade secrets, information relating to pending and not yet published patent applications, and information or documents that relate to products of any Party under development.

3.      To designate and categorize information contained in discovery material that is produced in written form as "CONFIDENTIAL" Protected Material, the producing Party or non-Party shall stamp "[Name of Producing Party or Non-Party] - Confidential," or similar language, on each page of such discovery material, including a Bates number on each page to identify that the Protected Material has been so marked for purposes of this action only. The designation and classification of information as "CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

4.      Protected Material designated and categorized as "CONFIDENTIAL" pursuant to Paragraph 3 above may be disclosed only to the following persons, except upon the prior written consent of the designating Party or as otherwise expressly provided in this Protective Order:

(a)      Counsel of record in this action, who are attorneys with the following law firms (i) Nixon Peabody LLP; (ii) Price, Heneveld, Cooper, DeWitt & Litton, LLP; (iii) Ropes & Gray LLP; (iv) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as well as attorneys at such law firms who are assisting in the conduct of this litigation.

(b)     Authorized secretarial, clerical and legal assistant staff of counsel of record for the Parties who are necessary to assist in the conduct of this action, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials.

(c)     The following members of the Parties' respective legal departments: (i) Robert W. Welsh, Esq., Michael C. Pophal, Esq., Gayle G. Stratmann, Esq., Tim Johnson, Esq. and Linda Gebauer, Esq. of Energizer's law department; and (ii) Richard K. Willard, Esq., Donal B. Tobin, Esq., Kevin Loftus, Esq., Chester Cekala, Jr., Esq., Edward Podszus, Esq. and John B. Gatlin, Esq., of Gillette's law department.

(d)     A control group of each of the Parties, only to the extent necessary for the conduct or resolution of this action, consisting of their officers, directors and/or employees. The control group of Energizer is William Vreeland, Dennis Mayo, and David Vernooy. The control group of Gillette is Peter K. Hoffman, Mary Anne Pesce, and Robert A. Trotta. The control groups may only review Confidential Information at the offices of the counsel of record in this action as designated in Paragraph 4(a)(i-v) and may not retain custody of documents containing Confidential Information. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure.

(e)     Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, to the extent

4

necessary for the conduct of this action, but only if those persons are not a Party to this action and are not officers, directors or employees of a Party to this action, of a competitor of a Party to this action or of any affiliates of either, or agents, representatives, contractors or consultants to a Party to this action or any affiliate thereof, except solely with respect to this action. Before any disclosure is made pursuant to this paragraph, counsel for the Party designating the information as "CONFIDENTIAL" shall be given no less than ten (10) calendar days prior to the proposed disclosure, a notice of intent to disclose, which notice shall contain the name, title, business address, and curriculum vitae of the person to whom the information will be disclosed. If counsel for the designating Party objects to the proposed disclosure within ten (10) calendar days after receipt of the notice, then no disclosure of Protected Material shall be made to the proposed recipient and the Party desiring to make the disclosure may proceed pursuant to Paragraph 9 hereof. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure.

(f)     Any witness during the course of depositions in this action or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order, and provided further that any such person was, at the time the document was prepared, a director, officer or employee of the producing Party or non-Party and a foundation can be laid that the witness likely had knowledge of the Confidential Information contained therein and provided that such document or information is not left in the possession of the deponent.

5

(g)     Any court reporters and videographers who record and/or transcribe deposition or other testimony in this action.

(h)     The Court and its staff and to any Special Master appointed by the Court and his/her staff.

(i)     Any other person by Order of the Court or the Special Master after an application and a showing by the Party seeking to make disclosure that such proposed disclosure will not raise a risk of material harm to the designating Party, and will not be used to the technical, marketing, financial, commercial or other competitive advantage of the receiving Party. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure.

Information or documents designated "CONFIDENTIAL" shall not be disclosed to others, including any officers, directors, employees, or members of any Party to this action, except as provided in this Paragraph.

5.     To designate and categorize information contained in discovery material that is produced in written form as "HIGHLY CONFIDENTIAL" Protected Material, the producing Party or non-Party shall stamp "[Name of Producing Party or Non-Party] - Highly Confidential," or similar language, on each page of such discovery material, including a Bates number on each page to identify that the Protected Material has been so marked for purposes of this action only. The designation and classification of information as "HIGHLY CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

6.     Protected Material designated and categorized as "HIGHLY CONFIDENTIAL" pursuant to Paragraph 5 above may be disclosed only to the following persons, except upon the prior written consent of the designating Party or as otherwise expressly provided in this Protective Order:

(a)     Counsel of record in this action, who are attorneys with the following law firms (i) Nixon Peabody LLP; (ii) Price, Heneveld, Cooper, DeWitt & Litton, LLP; (iii) Ropes & Gray LLP; (iv) Paul, Weiss, Rifkind, Wharton & Garrison LLP, , as well as attorneys at such law firms who are assisting in the conduct of this litigation.

(b)     Authorized secretarial, clerical and legal assistant staff of counsel of record for the Parties who are necessary to assist in the conduct of this action, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials.

(c)     Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, to the extent necessary for the conduct of this action, but only if those persons are not a Party to this action and are not officers, directors or employees of a Party to this action, of a competitor of a Party to this action or of any affiliates of either.  Each Party retaining and/or consulting with a person qualified under the terms of this paragraph ("qualified person") agrees to disclose all prior activities of the qualified person to the other Party, including the qualified person's activities for the Party and all of the qualified person's activities relating to shaving products.  Before any

disclosure is made pursuant to this paragraph, counsel for the Party designating the information as "HIGHLY CONFIDENTIAL" shall be given no less than ten (10) calendar days prior to the proposed disclosure, a notice of intent to disclose, which notice shall contain the name, title, business address, and curriculum vitae of the person to whom the information will be disclosed.  If counsel for the designating Party objects to the proposed disclosure within ten (10) calendar days after receipt of the notice, then no disclosure of Protected Material shall be made to the proposed recipient and the Party desiring to make the disclosure may proceed pursuant to Paragraph 9 hereof. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure. If , within five years after the conclusion of this litigation, either party wishes to engage for non-litigation purposes any person who has had access to material of the other party designated as HIGHLY CONFIDENTIAL pursuant to this sub-paragraph, it shall notify the other party of its intent to do so, and of the nature of the work to be performed by such person, at least ten (10) business days before the beginning of any such engagement.

(d)    Any witness during the course of depositions in this action or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order, and provided further that any such person was, at the time the document was prepared, a director, officer or employee of the producing Party or non-Party and a foundation can be laid that the witness likely had knowledge of the Confidential Information contained therein and

provided that such document or information is not left in the possession of the deponent.

(e) Any court reporters and videographers who record and/or transcribe deposition or other testimony in this action.

(f) The Court and its staff and to any Special Master appointed by the Court and his/her staff.

(g) Any other person by Order of the Court or the Special Master after an application and a showing by the Party seeking to make disclosure that such proposed disclosure will not raise a risk of material harm to the designating Party, and will not be used to the technical, marketing, financial, commercial or other competitive advantage of the receiving Party. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure.

Information or documents designated "HIGHLY CONFIDENTIAL" shall not be disclosed to others, including any officers, directors, employees, or members of any Party to this action, except as provided in this Paragraph.

7. Counsel for a Party producing documents may mask ("redact") material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed. R. Civ. P., or because the redacted material is not reasonably calculated to lead to the discovery of admissible evidence, and may thus produce documents for inspection either in a masked or unmasked form. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated either on the document itself or on a log provided to the receiving party.

In the event of any dispute as to the propriety of the redaction, the Party objecting to the redaction may submit the issue to the Court for review and determination.

8.      No disclosure of Protected Material shall be made pursuant to Subparagraphs 4(d), 4(e), 4(i), 6(c), or 6(g) unless and until the person to whom the information is to be disclosed shall be advised of and shall agree to the terms and conditions of this Order by signing a "CONFIDENTIALITY UNDERTAKING" in the form annexed hereto and shall agree to maintain the information in a separate and identifiable file, access to which is appropriately restricted.

9.      If, within ten (10) calendar days of receipt of a notice of an intent to disclose Protected Material pursuant to Subparagraph 4(e) or Subparagraph 6(c) above, the Party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material objects to such intended disclosure, the intended disclosure shall not be made until such objection is resolved.  The Parties shall negotiate in good faith to resolve any such objection.  If the Parties are unable to resolve the issue by negotiation, the Party intending to disclose the information may seek a ruling from the Court permitting the intended disclosure within thirty days from receipt of a notice of intent to disclose.

10.     All discovery materials designated as "CONFIDENTIAL" or "HIGHLY CONFI-DENTIAL" that are filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such information, shall be filed under seal in a sealed envelope or other appropriate sealed container appropriately captioned and bearing the legend CONFI-DENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER and kept under seal until further order of the Court; provided, however, that such information shall be available to the Court and to counsel of record.  Only those portions of the filing with the Court constituting Protected Material shall be filed under seal.  This paragraph shall not be construed to limit or

prohibit the right of a Party to challenge a designation of Protected Material, as provided in Paragraph 11 of this Order.

11.    A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. If at any time a Party objects to a designation of information as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material under this Order, the objecting Party shall notify the designating Party in writing of its request to have the designation modified or withdrawn.  The notice shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such notice, the designating Party shall respond in writing either withdrawing the designation, or setting forth in reasonable detail the reasons why the designating Party believes the information is entitled to the designated status, or modifying the designation and setting forth in reasonable detail the reasons why the designating Party believes the information is entitled to the modified designation.  At that time the objecting Party may apply for a ruling from the Court on the continued status of the information.  Upon any such application to the Court, the burden of making a prima facie showing as to why the designation is improper shall be on the challenging Party.  The ultimate burden of showing that the designation is proper shall be on the designating Party.  The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

12.    Should a receiving Party need to disclose "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material beyond the terms of this Protective Order, counsel of record for the receiving Party will inform the designating Party of the documents or materials to be disclosed, the person or persons to whom disclosure is to be made, the extent of the disclosure

required, and the basis for such disclosure.  No such disclosure will be made unless and until approval is obtained from the designating Party.  This Order contemplates reasonable cooperation between the Parties with respect to any request for disclosure; approval will not be withheld without reasonable basis.

13.    Each individual who receives any "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

14.    The recipient of any "CONFIDENTIAL" material or "HIGHLY CONFIDEN-TIAL" material that is provided under this Order shall maintain such information in a secure and safe area, shall take all necessary and appropriate measures to ensure the continued confidentiality of such material, and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and highly confidential or competitively sensitive information.

15.    Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated "CONFI-DENTIAL" or "HIGHLY CONFIDENTIAL" to any  natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document.  During deposition or trial testimony, counsel may disclose documents produced by a Party to current employees and officers of the producing Party.  Regardless of any designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such

witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

16. Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated and categorized under Paragraphs 2, 3, and 5 by any Party or non-Party by: (a) indicating on the record at the deposition that the testimony or other material is designated as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material under this Order; (b) notifying all other Parties or their counsel in writing of such designation prior to the deposition; or (c) by making such a designation, in writing to all other Parties or their counsel, within thirty (30) calendar days after receipt of the transcript of such deposition. Any such designation must be pursuant to the standards set forth in Paragraph 2 of this Order. Those portions of depositions that are so designated shall be filed separately and under seal with the Court pursuant to Paragraph 10 whenever depositions are so filed. In order to facilitate designations pursuant to subparagraph (c), unless otherwise agreed to in writing by the designating Party, all deposition transcripts shall be treated in a manner consistent with a designation of "HIGHLY CONFIDENTIAL" material made under Paragraph 5 until thirty (30) calendar days from receipt by the Party of the transcript. The court reporter shall designate and categorize those portions of deposition transcripts which are considered to be Protected Material with an appropriate legend under either Paragraph 3 or Paragraph 5 by the Party asserting ownership thereto and shall separate portion(s) of transcripts and deposition exhibits that contain Protected Material from those portion(s) of transcripts and deposition exhibits that do not.

17. In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of Protected Material, such question shall

nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present -- other than those who already have agreed to the Order or who are persons covered by Paragraphs 4 and 6 of this Order -- shall be advised of and shall agree to the terms and conditions of the Order and, at the request of the designating Party, all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order shall leave the room during the time in which this information is disclosed or discussed.

18.    All material produced in this action shall only be used in connection with the preparation, trial and appeal, if any, of this action and shall not be used for any other purpose or use or disclosed to any other person or entity unless otherwise agreed to beforehand in writing by the producing Party or if the Court so orders; however, this requirement shall not prejudice any Party's right to seek or oppose an order from the Court permitting the use in other litigation of discovery material.

19.    Nothing in this Order shall prohibit the transmission or communications of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" between or among those afforded access to it pursuant to this Order: (a) via hand-delivery, (b) via face-to-face conference, (c) in sealed envelopes or containers via the mail or an established freight, delivery, or messenger service, or (d) by e-mail, telephone, telegram, facsimile, or other electronic transmission system.

20.    To the extent that documents are reviewed by a Party prior to their production (e.g. during settlement or compromise discussions), any knowledge learned during the review process will be treated by the receiving Party as "HIGHLY CONFIDENTIAL" material until such time as the documents have been produced, at which time any stamped or affixed designation will control. No document that is otherwise discoverable or admissible as evidence shall be rendered immune

from discovery or disclosure, or rendered inadmissible, solely by virtue of being reviewed during the course of settlement or compromise discussions.

21.    The inadvertent production of any documents or other discovery materials governed by this Order shall be without prejudice to, or any waiver of, any claim by the producing Party, or producing non-Party, that any such document or other discovery materials, or information contained in such document or other discovery materials, is confidential, privileged, protected from discovery as work-product, or otherwise protected from disclosure; and no Party or non-Party shall be held to have waived any of its rights under Rule 26 by such inadvertent production.

22.    If a Party determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or work-product, or otherwise protected from disclosure, the producing Party shall inform the receiving Party of the inadvertent production in writing, and the receiving Party shall take reasonable steps to ensure that all known copies of any such documents are returned promptly to the producing Party.  After the return of the documents, the receiving Party may contest the producing Party's claim(s) of privilege, work-product or other immunity from disclosure and submit such issue to the Court for determination.  That determination shall be made without regard to the fact that any such document has been produced.

23.    If a Party determines that it has inadvertently failed to designate documents or materials as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material, it may do so by giving written notice to all Parties or their counsel of the new designation as being either "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material.  All persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and 6 hereof shall

promptly return all known copies of any such documents to the producing party or to a person who is within a category of persons who may possess such materials. Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production. After the return of the documents, the designation may be challenged by the returning Party pursuant to Paragraph 11, which challenge shall be made without regard to the fact that any such document has been re-designated or produced without first being designated.

24.     If data or information has been extracted from a document which is subsequently returned pursuant to Paragraphs 22 or 23, to the extent possible, the extracted information and/or data will be expunged promptly and not used. However, to the extent that, prior to being notified of the inadvertent production, the receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court or the transcript of any such deposition.

25.     Any document or other information designated as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material pursuant to this Order that is or becomes widely available as a matter of public record, or is otherwise intentionally disclosed to the public at large by the designating Party, shall not be considered to be Protected Material. In that event, the receiving Party may seek to remove the restrictions of this Protective Order with respect to that material pursuant to the provisions of Paragraph 11 herein.

26.     Nothing contained in this Order shall preclude a Party producing Protected Material from using its own Protected Material in any manner it sees fit, or from revealing such Protected Material to whomever it chooses, without the prior consent of any other Party or of this Court.

27. This Order pertains only to Protected Material provided by the Party producing it and does not limit the use or disclosure of materials which have been obtained by any Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

28. Within sixty (60) calendar days after the final termination of this action, including any appeals, all Parties and non-Parties shall return all Protected Material, all copies thereof, and all notes and other materials that contain or refer to Protected Material to the Party or non-Party that produced it or, upon that producing Party's written consent, shall destroy all Protected Material, all copies thereof, and all notes and other materials that contain or refer to Protected Material, and all Parties who possessed such Protected Material shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the producing Party. Notwithstanding the foregoing, each Party shall be permitted to retain one copy of documents filed with the Court or served in this proceeding, including correspondence with opposing counsel, one copy of each trial and deposition transcript, and one copy of each trial and deposition exhibit which copy shall remain subject to the terms of this Order.

29. If a Party in possession of Protected Material obtained from another Party or non-Party receives a subpoena or other form of compulsory process from a non-Party to this action seeking production or other disclosure of such information, it shall immediately give written notice to the Party that designated the material, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process. Where possible, such notice shall be given to the designating Party at least ten (10) calendar days prior to production or disclosure. In no event shall production or disclosure be made before five (5) calendar days after giving such notice to the designating Party.

30. Any Party hereto may at any time make a motion requesting that the Court modify this Order to provide additional or different protection where it is deemed appropriate.

31. The treatment accorded Protected Material under this Order shall survive the termination of this action.

32. A violation of this Order may be considered an act of contempt of this Court, subject to a determination by this Court that the requirements for such findings are satisfied. By the signatures of counsel below, as duly authorized agents of the respective Parties, the Parties are bound by this Order under the principles of contract, even in the absence of a signature by the Court to this Order.

33. The disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity or of its admissibility in this action.

34. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon his examination of confidential information, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the content or the source of any confidential information, except in accordance with the terms of this Order.

THE PARTIES HEREBY STIPULATE TO THIS PROTECTIVE ORDER THROUGH THEIR RESPECTIVE COUNSEL AS FOLLOWS:

NIXON PEABODY LLP

By: ___/s/ Maia Harris_____

Richard D. Rochford (BBO# 423950)
Jason C. Kravitz (BBO# 565904)
Maia H. Harris (BBO# 648208)
100 Summer Street
Boston, MA 02110
(617) 345-1000


Of Counsel:

Randall G. Litton
Matthew J. Gipson
Ginta D. Kukainis

PRICE, HENEVELD, COOPER,
DEWITT & LITTON, LLP
695 Kenmoor, S.E.
P.O. Box 2567
Grand Rapids, Michigan 49501
(616) 949-9610

Attorneys for Defendants
Energizer Holdings, Inc., Schick
Manufacturing, Inc., Eveready Battery
Company, Inc., and Energizer Battery, Inc.

Stipulated and agreed to this
__25___ day of May, 2004.


ROPES & GRAY LLP

By: ___/s/ Jane E. Willis_____

William L. Patton (BBO #391640)
Jane E. Willis (BBO #568024)
Dalila Argaez Wendlandt (BBO #639280)

One International Place
Boston, MA 02110-2624
(617) 951-7000


Of Counsel:

John E. Nathan
Lewis R. Clayton
Catherine Nyarady
Paul D. Lall

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373 3000


Attorneys for Plaintiff
The Gillette Company

Stipulated and agreed to this
__25__ day of May, 2004.


    IT IS SO ORDERED:

Dated this _____ day of _____ 2004.


_____
      Douglas P. Woodlock, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY,

Plaintiff,

v.

ENERGIZER HOLDINGS, INC.,
SCHICK MANUFACTURING, INC.,
EVEREADY BATTERY COMPANY,
INC. and ENERGIZER BATTERY, INC.,

Defendants.

CIVIL ACTION NO. 03 12455 DPW

HON. DOUGLAS P. WOODLOCK

## CONFIDENTIALITY UNDERTAKING

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was signed by the Court in the above-captioned action, that he/she is one of the persons contemplated in paragraph 4 or 6 thereof as authorized to receive disclosure of information designated Confidential or Highly Confidential, respectively, by either of the Parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order.

_____
(Signature)

_____
(Title of Position)

_____

Dated: _____

_____
(Address)

20